IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMANDA LYNN STEINHOFF,                )
                                      )
              Plaintiff,              )
                                      )
       -vs-                           )         Civil Action No.   16-236
                                      )
NANCY A. BERRYHILL,[1]                )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
              Defendant.              )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and

17).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 18).   After

careful consideration of the submissions of the parties, and based on my Opinion set forth below,

I am granting Plaintiff's Motion for Summary Judgment (ECF No. 13) and denying Defendant's

Motion for Summary Judgment. (ECF No. 17).

## I.  BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social

Security denying her application for supplemental security income ("SSI") pursuant to the Social

Security Act.   Plaintiff filed her application alleging she had been disabled since July 1, 1995.

(ECF No. 9-5, p. 12).   Administrative Law Judge ("ALJ"), William J. Bezego, held a video hearing

on March 8, 2016.   (ECF No. 9-14).   On July 28, 2016, the ALJ found that Plaintiff was not

disabled under the Act.   (ECF No. 9-2, pp. 5-15).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 17).   The issues

are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing
Carolyn W. Colvin.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).   The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.   Plaintiff's Mental Physical Residual Functional Capacity (RFC) [2]

Plaintiff argues that the ALJ's mental RFC finding is not supported by substantial evidence. (ECF No. 14, pp. 19-22). To support this assertion, Plaintiff argues that the ALJ erred in relying on a "non-examining medical opinion that had been rendered before Plaintiff's condition deteriorated, [before] she had undergone significant amount of treatment, and [before] she had several medication adjustments." *Id.* at p. 19. After a review of the evidence, I agree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Additionally, state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

An ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it. Only where 'additional medical evidence is received that in the opinion of the [ALJ] ... may change the State agency medical ... consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing,' is an update to the report required. SSR 96–6p.).

In this case, the ALJ gave great weight to the state agency, non-examining psychologist's opinion that was over 4 ½ years old at the time of his determination.   (ECF No. 9-13, p. 14; No. 9-3, pp. 2-12).   That, in and of itself, is not necessarily an issue.   *See, Chandler,* 667 F.3d at 361.   It is troubling, though, that after the opinion and during the 4 ½ years lapse of time, Plaintiff required an 11 day inpatient hospitalization for suicidal ideations (October 1-12, 2015) and continued treatment thereafter with medication alterations.   *See,* Exhibits 29F, 31F (ECF No. 9-26, pp. 2 though No. 9-28, p. 22).   There is no opinion evidence reviewing the same and/or the effect on Plaintiff's functional limitations.   Rather, the ALJ simply discounted the inpatient hospitalization as appearing to be due to situational stressors and non-compliance with treatment.   (ECF No. 9-13, 13).   This evidence, however, could be read to indicate that Plaintiff's condition deteriorated.   "[O]ther courts have been disinclined to uphold the denial of benefits when the ALJ relied upon an outdated report of a non-treating physician, and there was evidence on the record that the claimant's condition deteriorated after the report was prepared." *Link v. Soc. Sec. Disability*, No. 13-812, 2014 WL 3778320, at *11 (W.D. Pa. July 30, 2014), *citing, Griffies v. Astrue,* 855 F.Supp.2d 257 (D.Del.2012) (recognizing that non-treating sources should be 'evaluated to the degree to which these opinions consider all of the pertinent evidence in [the] claim.') and *Foley v. Barnhart,* 432 F.Supp.2d 465 (M.D.Pa. 2005); *Nolan v. Astrue,* No. 10-1639, 2011 WL 3651152, at *19 (W.D. Pa. Aug. 18, 2011), *citing Cadillac v. Barnhart,* 84 Fed. Appx.

163, 168-69 (3d Cir. 2003). Based on the same and the facts of this case, I find remand is warranted on this issue.

The regulations make clear that it is the Plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §416.912(a-c). This burden does not shift to the ALJ. Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §416.912(d). Thus, on remand, the ALJ is instructed to order a current evaluation of Plaintiff.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


AMANDA LYNN STEINHOFF,    )
          )
      Plaintiff,     )
          )
   -vs-     )     Civil Action No.  16-236
          )
NANCY A. BERRYHILL,[3]    )
COMMISSIONER OF SOCIAL SECURITY,    )
          )
      Defendant.    )

AMBROSE, Senior District Judge


## ORDER OF COURT

THEREFORE, this 5th day of January, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 13) is granted and Defendant's Motion for Summary Judgment (Docket No. 17) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.


          BY THE COURT:

          s/   Donetta W. Ambrose
          Donetta W. Ambrose
          United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.